IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Lori Willis, | ) | Civil Action No. 2:18-cv-1659-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| TCSC, LLC, a wholly owned subsidiary of Hendrick Automotive Group d/b/a/ Hendrick Toyota Scion, North Charleston, | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 31) recommending the Court dismiss this action for failure to prosecute. For the reasons set forth below, the Court adopts the R & R as the order of the Court and this action is dismissed.

I. **Background**

Plaintiff Lori Willis filed this action against Defendant alleging violations of the Americans with Disability Act, Family and Medical Leave Act, and nonpayment of wages. On February 20, 2019, the Magistrate Judge issued an order compelling Plaintiff to respond to Defendant's interrogatories and document requests. (Dkt. No. 20.) Plaintiff's counsel subsequently moved to be relieved as counsel as Plaintiff had ceased responding to communications via both phone and email. (Dkt. No. 21.) Plaintiff's counsel served the motion on Plaintiff by mail and e-mail. (*Id.*) On March 1, 2019, the Magistrate Judge relieved Plaintiff's counsel, and warned Plaintiff that failure to respond to the discovery requests and the Court's order may lead to dismissal, but provided the Plaintiff with an extension until March 15, 2019, to respond. (Dkt. No. 22.) Plaintiff has not responded to the requests. (Dkt. No. 29.) The "court only" docket further reflects that the Clerk attempted to call the Plaintiff twice and left a voicemail, and that Plaintiff's former counsel

1

agreed to attempt to contact Plaintiff again. Defendant therefore moves for dismissal for failure to prosecute. (Dkt. No. 29.) Plaintiff's former counsel thereafter informed the Court that she has been unable to reach Plaintiff via email, text message or mail.[1] (Dkt. No. 30.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically object. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983)). Petitioner did not file objections in this case, and the R & R is reviewed for clear error.

## III. Discussion

The Magistrate Judge issued an order compelling discovery responses. (Dkt. No. 20.) Further, the Magistrate Judge explicitly warned Plaintiff that failure to respond may lead to dismissal. (Dkt. No. 22.) The Plaintiff failed to respond to either order. Petitioner's lack of

---

[1] Though Plaintiff has not updated her address, Plaintiff's former counsel discovered via Westlaw that Plaintiff may have a different (though similar) address to the one provided. (Dkt. No. 30.) However, the address stopped being current in September 2018. (*Id.*) Regardless, counsel mailed a copy of the status report to the other address, and Plaintiff has not responded. (*Id.*)

response, failure to comply with court orders, and the inability of the Court or Defendant to contact Plaintiff indicates an intent not to prosecute this case and the Complaint is therefore subject to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate when accompanied by a warning). Dismissal with prejudice is appropriate based on the four-part test in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982), as Plaintiff is personally responsible for the delay and failure to respond, Defendant is suffering prejudice, the failure to respond has continued now for more than two months, and no sanctions other than dismissal exist as Plaintiff has failed to respond to numerous mailings, emails, text messages and calls. Therefore, the Court adopts the R & R and dismisses the case with prejudice.

**IV.　Conclusion**

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 31) is **ADOPTED** as the order of the Court, and the Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 22, 2019
Charleston, South Carolina

3